IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,111-03






EX PARTE GUADALUPE ESPARZA









ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 1999-CR-5514-W2 IN THE 175TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






 Per Curiam. Hervey, J., not participating.



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On March 27, 2001, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Esparza v. State, No. AP-74,096 (Tex.
Crim. App. June 4, 2003)(not designated for publication). 

 Applicant timely filed his initial writ application in the trial court on March 3, 2003. 
Applicant presented twenty allegations in his application including a claim that he was
mentally retarded and a claim that he was denied the effective assistance of counsel by his
trial counsel's failure to conduct a meaningful mitigation investigation. A live evidentiary
hearing was held, and the trial judge entered findings of fact and conclusions of law and
recommended that relief be denied. This Court denied relief on applicant's initial writ
application on February 28, 2007. Ex parte Esparza, Nos. WR-66,111-01 and WR-66,111-02 (Tex. Crim. App. Feb. 27, 2007)(not designated for publication). In the same order, this
Court dismissed applicant's first subsequent writ application which was filed in the trial court
on December 17, 2003. Id. 

 Applicant filed this his second subsequent writ application in the trial court on
September 21, 2011. Applicant raises three claims in his application. In the first claim,
applicant again alleges that he is mentally retarded and that his execution would violate the
United States Supreme Court's opinion in Atkins v. Virginia, 536 U.S. 304 (2002). In the
second claim, applicant asserts that his counsel was ineffective for failing to discover and
present mitigating evidence. And in his third claim, applicant asserts that his counsel was
ineffective for failing to move to suppress any evidence obtained as the result of the beating
he received from the police. 

 We have reviewed the application and find that applicant's allegations fail to satisfy
the requirements of Article 11.071 § 5. Accordingly, we dismiss the application as an abuse
of the writ without considering the merits of the claims. 

 IT IS SO ORDERED THIS THE 19th DAY OF OCTOBER, 2011.


Do Not Publish